EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE<br>Arapahoe County Justice Center<br>7325 S. Potomac Street, Englewood, CO 80112 | DATE FILED: December 17, 2020 3:57 PM<br>FILING ID: C9F878CA83D89<br>CASE NUMBER: 2020CV32451 |
| Plaintiff:<br>**RACHELLE HAMPTON WASHINGTON**<br><br>v.<br><br>Defendant:<br>**WALMART STORES INC. d/b/a WALMART NEIGHBORHOOD MARKET #6178** | ▲ COURT USE ONLY ▲ |
| **ATTORNEY FOR PLAINTIFF:**<br>Name:      Jessica B. Prochaska, Reg. No. 46319<br>Address:   Burg Simpson Eldredge Hersh & Jardine, P.C.<br>               40 Inverness Drive East<br>               Englewood, Colorado, 80112<br>Phone No.:  (303) 792-5595<br>Fax No.:     (303) 708-0257<br>E-Mail:      jprochaska@burgsimpson.com | Case No:<br><br>Div: |
| **COMPLAINT AND JURY DEMAND** | |

     COMES NOW, Plaintiff Rachelle Hampton Washington, by and through her attorneys, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., for her Complaint and Jury Demand, states, alleges, and avers as follows:

## PARTIES

1. Plaintiff Rachelle Hampton Washington (hereinafter Plaintiff Hampton Washington) is a citizen and resident of Denver County, Colorado, residing at 2101 Quince Street Denver, CO 80207.

2. Defendant Walmart Stores Inc., d/b/a Walmart Neighborhood Market #6178 (hereinafter "Defendant Walmart") at all relevant times was a corporation licensed to do business in the State of Colorado with its principal place of business at 702 SW 8th Street, #0555, Bentonville, AR 72716, and its registered agent, the Corporation Company is located at 7700 E. Arapahoe Rd. Suite 220, Centennial, CO 80112-1268.

3. Upon information and belief, at all times relevant, Defendant Walmart was the owner and operator in control of the real property located at 10400 East Colfax Avenue, Aurora, CO 80010.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to the Constitution of the State of Colorado, Article VI, Section 9.

5. The Court has personal jurisdiction over Defendant Walmart by virtue of the Defendant's operations and presence in Colorado, by its transacting business in or directed at Colorado, by its commission of a tortious act that caused injury and damages in Colorado, and/or by otherwise purposefully availing itself of the benefits and privileges of Colorado law by regular, continuous and systematic contacts with Colorado.

6. The Court has personal jurisdiction over the Defendant Walmart by virtue of Defendant's business operations and location in Colorado and the commission of tortious acts in Colorado that caused injury and damages in Colorado to a Colorado resident, all pursuant to C.R.S. §13-1-124(1)(b).

7. Venue is proper in this Court, pursuant to C.R.C.P. 98(c)(5) because the Defendant's acts and the resultant injuries to Plaintiff Hampton Washington giving rise to this action occurred in Arapahoe County.

## GENERAL ALLEGATIONS

8. On or about December 19, 2018 at approximately 5:50 p.m., Plaintiff Hampton Washington was a customer of Defendant Walmart's located at Walmart Neighborhood Market #6178 located at 10400 East Colfax Avenue, Aurora, CO 80010.

9. At or about that same time and place, Plaintiff Hampton Washington and her two grandsons entered through the main entrance of Defendant Walmart's store to shop for groceries.

10. While Plaintiff Hampton Washington was a customer at the Defendant Walmart's store, Plaintiff Hampton Washington walked up and down several aisles at Defendant Walmart's store, collecting products to purchase.

11. As Plaintiff Hampton Washington walked through the juice aisle she tripped over a box that had been left in the aisle by Defendant Walmart's employees.

12. As Plaintiff Hampton Washington tripped and fell to the floor, she landed on her left knee and right wrist with extreme force.

13. When Plaintiff Hampton Washington fell, she laid on the floor in pain and was unable to get up on her own.

14. As Plaintiff Hampton Washington laid on the floor, one of her grandsons went to get help from a manager.

15. Defendant Walmart's manager on duty filed an incident report.

16. Defendant Walmart's manager said they would review the video footage of the incident.

17. With assistance from the manager and her grandsons, Plaintiff Hampton Washington was able to get up and go home.

18. There was no warning sign in the area near the box or in the aisle to warn Plaintiff Hampton Washington of the box on the floor of the aisle.

19. Defendant Walmart has a responsibility to abide by safe operating procedures and company policies, as well as report on conditions perceived to be unsafe, unhealthy, or hazardous to the environment for customers to the store.

20. Defendant Walmart did not remove the unattended box on the floor of the juice aisle prior to Plaintiff Hampton Washington's arrival on December 19, 2018.

21. Defendant Walmart failed to provide any warning to customers of the store walking through the juice aisle of the dangerous and hazardous condition on December 19, 2018.

22. Defendant Walmart failed to properly maintain the clearance of walkway of the juice aisle, thereby creating a dangerous and hazardous condition.

23. As a direct and proximate result of Defendant Walmart's careless, reckless, and negligent actions and inactions, Plaintiff Hampton Washington suffered serious bodily injury including but not limited to a left knee pain, left leg pain, left ankle pain, hand pain, and wrist pain.

24. As a direct and proximate result of the Defendant Walmart's careless, reckless, and negligent actions and inactions, Plaintiff Hampton Washington has suffered economic damages including past and future medical expenses, lost wages, and out of pocket expenses.

25. As a direct and proximate result of the Defendant Walmart's careless, reckless, and negligent actions and inactions, Plaintiff Hampton Washington has suffered non-economic damages including but not limited to, past and future pain and suffering, inconvenience, mental and emotional distress, loss of enjoyment of life, and impairment of the quality of life.

26. As a direct and proximate result of the Defendant Walmart's careless, reckless, and negligent actions and inactions, Plaintiff Hampton Washington has suffered and will continue to suffer from disfigurement and permanent physical impairment.

## CLAIM FOR RELIEF
### (Premises Liability – Defendant Walmart)

27. Plaintiff incorporates and re-alleges, by reference, all other paragraphs in this Complaint

as if fully set forth herein.

28. With regard to the property on which Plaintiff Hampton Washington was injured, Defendant Walmart is legally responsible for the condition of the real property where Plaintiff Hampton Washington was injured, and/or is legally responsible for the activities conducted or circumstances existing on the real property where Plaintiff Hampton Washington was injured, and therefore is a "landowner" as defined by C.R.S. § 13-21-115.

29. As a customer of the Walmart Neighborhood Market #6178 store, Plaintiff Hampton Washington was an invitee as defined by C.R.S. § 13-21-115.

30. Defendant Walmart owed a statutory and non-delegable duty to Plaintiff Hampton Washington to exercise reasonable care to protect her and other customers against dangers, i.e. obstructed walkways on the premises, of which Defendant Walmart knew or should have known.

31. Defendant Walmart knew or should have known that the box left unattended in the walkway of the juice aisle created a hazardous and dangerous condition to the customers walking through the juice aisle.

32. Defendant Walmart breached its duty to exercise reasonable care to protect Plaintiff Hampton Washington from dangers of which it knew or should have known by failing to ensure that the store, including the floors of the store's aisles, are free from the hazardous obstruction of boxes left unattended in an aisle and by failing to warn customers of the store of the hazardous obstruction in the aisle.

33. Defendant Walmart's failure to exercise reasonable care to protect Plaintiff Hampton Washington from dangers of which it knew or should have known by failing to maintain its store's aisles in a safe condition, by failing to remove the hazardous condition of unattended boxes on the floor in the aisles, and by failing to warn its customers of the dangerous obstruction of boxes left unattended in an aisle was unreasonable.

34. Defendant Walmart's failure to exercise reasonable care to protect customers, including Plaintiff Hampton Washington, from dangers of which it knew or should have known was unreasonable, reckless, and careless.

35. As a direct and proximate result of the actions and inactions of Defendant Walmart, Plaintiff Hampton Washington has suffered past and future economic and non-economic damages including, but not limited to, medical expenses, lost wages, out-of-pocket expenses, pain and suffering, inconvenience, emotional distress, mental anguish, loss of enjoyment of life, disfigurement, and permanent physical impairment as further described herein, the amounts of which will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hampton Washington prays for judgment against Defendant Walmart for relief as follows:

1. Economic damages, including but not limited to, past and future medical expenses, past and future lost wages, and out of pocket expenses;

2. Non-economic damages, including but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, mental anguish, and emotional distress;

3. Damages for disfigurement and permanent physical impairment;

4. All other compensatory damages caused by the Defendant Walmart's actions and inactions, to be proven at trial;

5. Pre-judgment and post-judgment interest as provided for by law;

6. Attorney fees, costs, and expenses of this action as provided for by law; and

7. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff Hampton Washington hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 17th day of December, 2020.

                                                    **BURG SIMPSON**
                                                    **ELDREDGE HERSH & JARDINE, P.C.**
                                                    *(Original signature on file at Burg Simpson Eldredge Hersh & Jardine, P.C.)*

                                                    */s/ Jessica B. Prochaska*
                                                    Jessica B. Prochaska, Reg. No. 46319
                                                    *Attorneys for Plaintiff*

**Plaintiff's Address**
2101 Quince Street
Denver, CO 80207